STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Edward Stanak        }
and Joelen Mulvaney                   }
                                      }   Docket No. 101-7-01 Vtec
                                      }
                                      }

Decision and Order on Appellee= s Motion to Dismiss for Lack of Standing

Appellants appealed from a decision of the Development Review Board (DRB) of the City of Barre granting site plan approval and conditional use approval to David Boileau d/b/a ATC Realty, for the Barre Housing Authority, for alteration of a non-conforming use and non-complying structure for the installation of wireless communication equipment. Appellants are now represented by Paul S. Gillies, Esq.; Appellee Wireless One Leased Realty Corporation is represented by Craig Weatherly, Esq. and John R. Ponsetto, Esq.; and the City is represented by Oliver L. Twombly, Esq.

Appellee has moved to dismiss the appeal for Appellants= lack of standing under 24 V.S.A. ' 4464(b)(3), arguing that they do not reside in the immediate neighborhood of the proposed project and that they do not allege that the decision on appeal is not in accord with the policies, purposes or terms of the City= s plan or bylaws.

Appellants= home is located approximately 400 feet from and at approximately the same elevation as the proposed use. Appellants will be in the line of sight of the proposed wireless communication antenna panel installation.

While the standing provision in ' 4464(b)(3) does not require that Appellants= property be adjoining or abutting the project site, it does require that Appellants not only own or occupy property > in the neighborhood= but in the A immediate neighborhood.@ Appellee argues they are not in the immediate neighborhood.

As we have stated before, the only sensible way of interpreting A immediate neighborhood@ is to look both at the proximity of the appellant to the project on appeal, and to determine if the appellant potentially could be affected by any of the aspects of the project which the zoning laws regulate. In re Appeal of Brodhead, Docket No. E95-057 (Vt. Envtl. Ct., August 3, 1995); In re Appeal of Daniels, Docket No. 58-4-99 Vtec (Vt. Envtl. Ct., Sept. 12, 2000); In re Appeal of Gulli, Docket No. 135-6-00 Vtec (Vt. Envtl. Ct., March 22, 2001).

In the present case, even leaving aside the question of whether or to what extent the regulation of radio frequency emissions is preempted by federal law, Appellants will be able to see the antenna panel installation some 400 feet from their house. That fact brings them within the A immediate neighborhood@ requirement of 24 V.S.A. ' 4464(b)(3).

As well as raising the question of the extent to which the regulation of radio frequency emissions is preempted by federal law, Appellants also claim that the DRB decision on appeal is contrary to the provisions of the City= s zoning bylaws as to the alteration of noncomplying structures and nonconforming uses. They have, therefore, met the second prong of 24 V.S.A. ' 4464(b)(3). Accordingly, Appellee=s Motion to Dismiss for Lack of Standing is DENIED.

It is possible that some of the questions raised in the motion to dismiss may be capable of resolution in the summary judgment motions to be filed by the parties on October 19, 2001. We note that Attorney Gillies has recently entered a notice of appearance for Appellants, but that no amended Statement of Questions has been filed. It is not reasonable to expect motions for summary judgment or responses to motions for summary judgment to be filed by Appellee until the Statement of Questions has been finally ascertained. Accordingly, by October 19, 2001, the attorneys shall discuss with each other and filed with the court an agreed revised schedule for the submittal of the statement of questions and the summary judgment motions, or shall report that they do not agree and request a telephone conference, in which case one will be held on Tuesday, October 23, 2001.

We also note that only Wireless One Leased Realty Corporation has entered an appearance as an Appellee in this case, although ATC Corporation and the Barre Housing Authority are listed as co-applicants. To avoid any later confusion, we request that the attorneys for Wireless One Leased Realty Corporation determine before that conference whether any of the other applicants wishes to enter an appearance or otherwise participate in this appeal.

Done at Barre, Vermont, this 15th day of October, 2001.


_____
Merideth Wright
Environmental Judge